UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK ALLEN SILVA,

        Plaintiff,

v.

LEWIS COUNTY PROSECUTOR'S OFFICE,

        Defendant.

CASE NO. 3:24-cv-05504-TMC-GJL

ORDER DECLINING TO DIRECT SERVICE AND DIRECTING PLAINTIFF TO CLARIFY CLAIMS

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Before the Court is Plaintiff Mark Allen Silva's Motion to Proceed *In Forma Pauperis* ("IFP") and his Proposed Complaint. Dkts. 1, 1-1. Because it is unclear whether Plaintiff, who is proceeding *pro se*, seeks relief available through a 42 U.S.C. § 1983 civil rights action or through a 28 U.S.C. § 2254 petition for writ of habeas corpus, the undersigned **DECLINES** to direct service of his Proposed Complaint and, instead, **DIRECTS** Plaintiff to clarify the nature of his claims by filing either an amended civil rights complaint or a federal habeas petition. Also, because the filing fees for habeas and § 1983 actions are different, the Court **DEFERS** decision on the IFP Motion until Plaintiff has clarified the nature of this suit.

ORDER DECLINING TO DIRECT SERVICE AND DIRECTING PLAINTIFF TO CLARIFY CLAIMS - 1

## I.   BACKGROUND

Plaintiff, an inmate currently housed at Washington Corrections Center ("WCC"), alleges his due process rights and his right to a speedy trial were violated when he was forced to undergo an in-patient competency evaluation without being tested on his knowledge of courtroom procedures during a state-court prosecution. Dkt. 1-1 at 4–5. He also claims he received ineffective assistance of counsel because his trial attorney allowed the competency evaluation to occur without just cause. *Id.* at 6.

As relief, Plaintiff requests $2 million in compensatory damages and wide sweeping injunctive relief aimed at the Washington State Superior Court for Lewis County. *Id.* at 9.

## II.   DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

After informing a *pro se* litigant of any pleading deficiencies, a court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the

1    complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202,
2    1203–04 (9th Cir. 1988)).

3        Plaintiff has filed this action under § 1983, but his claims challenge aspects of his state
4    court prosecution, which are typically under the purview of a federal habeas action. Therefore, it
5    is unclear from Plaintiff's Proposed Complaint whether he seeks to proceed with this matter as a
6    civil action for relief under 42 U.S.C. § 1983 or whether Plaintiff seeks to challenge the validity
7    of his confinement through a habeas petition pursuant to 28 U.S.C. § 2254. Thus, his Proposed
8    Complaint is deficient and must be corrected in the ways described below before Plaintiff may
9    proceed in this action.

10   **A.    Habeas Corpus versus § 1983 Action**

11       An "action lying at the core of habeas corpus is one that goes directly to the
12   constitutionality of the prisoner's physical confinement itself." *Preiser v. Rodriguez*, 411 U.S.
13   475, 503 (1973). Thus, "when a state prisoner is challenging the very fact or duration of his
14   physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate
15   release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas
16   corpus." *Preiser*, 411 U.S. at 500. "If a state prisoner is seeking damages, he is attacking
17   something other than the fact or length of his confinement, and he is seeking something other
18   than immediate or more speedy release." *Id.* at 494. In that instance, a prisoner must file a civil
19   rights action pursuant to § 1983. *Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994).

20       Applying these principles here, if Plaintiff seeks to challenge the validity of his state-
21   court conviction and sentence, he must do so by filing a habeas petition under 28 U.S.C. § 2254
22   on the form provided by the Court. If, on the other hand, Plaintiff is seeking to challenge
23   something other than the fact or duration of his confinement (for instance, if he is seeking
24

damages for unconstitutional conditions of confinement), then he should file an amended § 1983 complaint on the form provided by the Court.

B.  **Proper Defendant or Respondent**

In addition to proceeding under the correct cause of action and using the appropriate court-provided form, Plaintiff must name a proper defendant or respondent in this action.

If Plaintiff intends to bring a habeas petition seeking release from confinement, then he must name a proper respondent—which is the person who has custody over him. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Thus, to name the proper respondent for a § 2254 habeas petition, Plaintiff must name the warden or superintendent of WCC. *See id.* at 435.

However, if Plaintiff wishes to proceed under § 1983, he must plausibly allege: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Thus, the only proper defendants for a § 1983 action are "persons" who proximately cause a constitutional deprivation while "acting under color of state law." *West*, 487 U.S. at 48. This language limits the applicability of § 1983 actions against States, counties, and the employees thereof.

For example, States and state entities are not "persons" who can be sued under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Likewise, state employees are not "persons" under § 1983 when they are sued for monetary damages in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

When a municipality or county is sued under § 1983, the only proper defendant for an official capacity claim is the county itself. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990); *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S.

658, 691–94 (1978). Moreover, when a county employee is sued in their official capacity, the real party in interest is the county itself. Thus, to state a claim against a county or a county employee in their official capacity, a § 1983 plaintiff must identify a county policy or practice that was the moving force behind their alleged constitutional injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

As for an individual county or state employee sued for damages under § 1983, a plaintiff must allege facts showing how the individually named defendant caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). An individual defendant may personally cause a constitutional injury by committing an affirmative act, by furthering the affirmative act of another, or by failing to perform a legally required act. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

In his Proposed Complaint, Plaintiff names the Lewis County Prosecutor's Office as the only defendant for his § 1983 claims. As discussed above, the only county entity capable of being sued is the county itself. Thus, if Plaintiff wishes to proceed under § 1983, he should not name any Lewis County entities as a defendant in his amended pleadings. Further, Plaintiff should only name Lewis County as a defendant if he can provide additional facts demonstrating that his alleged injuries were the result of a county-level policy or custom.

Additionally, Plaintiff seeks injunctive relief from the Superior Court for Lewis County but does not name that entity as a defendant in this action. As an initial matter, Plaintiff cannot obtain relief from a non-party to this action. However, even if it were named as a party in this suit, the Superior Court for Lewis County is an entity of the State of Washington, so it is not a "person" that can be sued for any relief under § 1983. Therefore, Plaintiff should not name or

seek relief from the Superior Court for Lewis County—or any other state entity—in his amended pleadings.

Next, Plaintiff does not name any individuals as defendants in his Proposed Complaint. Even so, before naming any individual as a defendant in his amended pleadings, Plaintiff must be able to provide sufficient facts demonstrating how that individual was personally involved in causing his alleged constitutional injuries.

Finally, Plaintiff is advised that each claim brought in his amended pleadings must be attributed to at least one defendant. If plaintiff is unable to attribute a claim to a defendant capable of being sued under § 1983, that claim should not be included in his amended pleadings.

### III.  CONCLUSION

Because it is unclear from Plaintiff's filings whether he would like to proceed under 42 U.S.C. § 1983 or under 28 U.S.C. § 2254, the Court **DECLINES** to direct service of his Proposed Complaint (Dkt. 1-1) and **DEFERS** decision on the IFP Motion (Dkt. 1) until after Plaintiff has clarified the nature of his suit.

If Plaintiff wishes to continue prosecuting this case, he is **DIRECTED** to clarify the nature of his suit on or before **August 9, 2024**, by using the appropriate court-provided form to file either (1) an amended civil rights complaint pursuant to 42 U.S.C. § 1983 or (2) a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Failure to do so by the stated deadline will be considered a failure to prosecute and may result in a recommendation that this action be dismissed.

//

//

//

ORDER DECLINING TO DIRECT SERVICE AND DIRECTING PLAINTIFF TO CLARIFY CLAIMS - 6

Finally, the Clerk of Court is directed to **RENOTE** Plaintiff's IFP Motion (Dkt. 1) for consideration on **August 9, 2024.** The Clerk is further directed to send Plaintiff a copy of this Order, the forms for filing a § 1983 complaint and a § 2254 habeas petition, and the Court's *pro se* litigation guide.

Dated this 9th day of July, 2024.

Grady J. Leupold
United States Magistrate Judge