UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK ALLEN SILVA,

                    Plaintiff,

     v.

LEWIS COUNTY PROSECUTOR'S
OFFICE,

                   Defendant.

CASE NO. 3:24-cv-05504-TMC-GJL

ORDER DECLINING SERVICE AND
TO SHOW CAUSE

The District Court has referred this prisoner civil rights action to United States Magistrate Judge Grady J. Leupold. After being advised of the pleading deficiencies in his initial Complaint (Dkts. 1-1, 4), Plaintiff Mark Allen Silva, proceeding *pro se* and *in forma pauperis*, filed an Amended Complaint (Dkt. 5). Having reviewed and screened the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that several deficiencies remain and thus **DECLINES** to direct service upon Defendant Lewis County Prosecutor's Office. Instead, Plaintiff is **ORDERED** to **SHOW CAUSE** why this action should not be **DISMISSED** for failure to state a claim and without providing him another opportunity to amend.

//

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 1

## I.   BACKGROUND

The Court screened and declined to serve Plaintiff's initial Complaint (Dkt. 1-1) because the nature of his claims was unclear, he failed to name a proper defendant, and he did not put forth sufficient facts to demonstrate liability. Dkt. 4. After informing Plaintiff of these pleading deficiencies, the Court granted him thirty days of leave to amend and cure his pleadings. *Id.*

Plaintiff filed his Amended Complaint on July 15, 2024. Dkt. 5. As with his initial Complaint, the sole defendant named in Plaintiff's Amended Complaint is the Lewis County Prosecutor's Office. *Id.* at 3. The factual allegations in Plaintiff's Amended Complaint vary significantly from those included in his initial Complaint and concern his experience as a crime victim and potential witness in an ongoing state court prosecution for assault. *Id.* at 4–5; Dkt. 1 at 4–5 (alleging speedy trial violations and due process violations related to a court ordered in-patient competency evaluation). Plaintiff states that he has attempted to cooperate with the prosecutors assigned to a state-court assault case by providing written statements about the assault. *Id.* at 4–5. However, Plaintiff does not wish to formally testify out of concern for his safety. *Id.* Although he says he has communicated these concerns to the State, Plaintiff alleges that the prosecutors assigned to the assault case continue to harass him. *Id.*

As for the nature of the alleged harassment, Plaintiff states that he has been transported between different institutions against his will, presumably in connection with an ongoing prosecution of the assault case. *Id.* at 5. He also states that his criminal defense attorney informed him that the outcome of his own state court prosecution may be impacted by his refusal to testify in the assault case. *Id.* at 6. Plaintiff concludes by stating that "they have been putting holds on me and hindering my life and where I could go or do on the streets and in prison for 4 years." *Id.*

1     Plaintiff organizes the above allegations into a single claim labeled: "Equal protection,

2  harassment, intimidating a witness, [and] coercion." *Id.* at 4 (cleaned up). As relief, Plaintiff

3  requests monetary damages and injunctive relief. *Id.* at 9.

## II.      STANDARD OF REVIEW

5     Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court must screen

6  complaints brought by prisoners seeking relief against governmental entities and the officers and

7  employees thereof. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion

8  of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which

9  relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

10  relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152

11  F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C.

12  § 1915(g).

13     To sustain a 42 U.S.C. § 1983 claim, Plaintiff must show that he suffered a violation of

14  rights protected by the Constitution or created by federal statute, and that the violation was

15  proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487

16  U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must

17  provide more than conclusory allegations; he must set forth specific, plausible facts to support

18  his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

19     After informing a *pro se* litigant of any pleading deficiencies, a court must generally

20  grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be

21  cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v.

22  Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se*

23  complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the

1  complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202,

2  1203–04 (9th Cir. 1988)). However, if the claims put forth in the complaint lack any arguable

3  substance in law or fact, then the complaint must be dismissed. 28 U.S.C. § 1915A(b); *Neitzke v.*

4  *Williams*, 490 U.S. 319, 327 (1989).

5  

**III.    DISCUSSION**

6       Having reviewed the Amended Complaint, the Court finds that the Plaintiff seeks relief

7  against an improper defendant for claims that do not appear to warrant relief. These deficiencies

8  prevent Plaintiff from stating a cognizable § 1983 claim and appear to be uncurable.

9  **A.    Improper Defendant**

10       Plaintiff has not named a proper defendant in this action, and it is unlikely he will be able

11  to do so for several reasons.

12       First, Plaintiff names Lewis County Prosecutor's Office as the sole Defendant in this

13  action. Dkt. 5 at 3. As stated previously, Lewis County—not its governmental subunits—would

14  be the proper defendant for Plaintiff's official capacity claim against a county-level entity. Dkt. 4

15  at 4–5.

16       Second, even if Plaintiff named the proper county-level defendant, he has not alleged

17  sufficient facts to demonstrate county liability. To present a viable claim against a county,

18  Plaintiff must show that the county itself violated his rights or that it directed its employee to do

19  so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this

20  theory of liability, the focus is on the county's "policy statement, ordinance, regulation, or

21  decision officially adopted and promulgated by that body's Officers." *City of St. Louis v.*

22  *Praprotnik*, 485 U.S. 112, 121 (1988) (quoting Monell, 436 U.S. at 690). A county is not

23  vicariously responsible for the acts of its employees, meaning a county cannot be held liable

24

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 4

simply because it employs an individual who violates the law. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff's allegations lack detail about the specific decisions that harmed him, who made those decisions, and the reasons those decision were made. As such, he does not present sufficient facts to show county liability.

Third, Plaintiff does not name any individual prosecutors as defendants in this action, but he does refer to the conduct of prosecutors generally. Thus, to the extent Plaintiff wishes to sue a prosecutor individually, he fails to demonstrate that any prosecutor personally participated in violating his rights. For individual capacity claims, the causation element is only satisfied if a plaintiff demonstrates that a specific defendant committed an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation of rights. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Fourth, even if Plaintiff named an individual prosecutor as a defendant and demonstrated their personal participation, prosecutors are immune from damages claims "when performing the traditional functions of an advocate." *Calhoun v. King Cty. Prosecuting Attorney's Office*, 348 F. App'x 299, 300 (9th Cir. 2009) (quotations omitted). Stated differently, prosecutorial immunity protects prosecutors from monetary liability for acts done within the scope of their duties to initiate criminal prosecutions and to present the State's case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of

1  liberty.'" *Asheleman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting *Imbler*, 424 U.S. at

2  427). Plaintiff's allegations apparently concern performance of traditional prosecutorial functions

3  and, if so, any damages claim against an individual prosecutor would be barred by prosecutorial

4  immunity.

5  **B.      Improper Claims**

6          Next, the precise nature of Plaintiff's claim is difficult to decipher, but, liberally

7  construed, it appears he is alleging two different constitutional violations: (1) a violation of equal

8  protection and (2) a compelled testimony claim. Both versions of his claim are deficient in a

9  manner not likely to be cured by amendment.

10         First, Plaintiff states he is bringing an equal protection claim. Dkt. 5 at 3. The Equal

11  Protection Clause "is essentially a direction that all persons similarly situated should be treated

12  alike." *City of Cleburne, Tex. v. Cleburne Living Center,* 473 U.S. 432, 439 (1985). An

13  allegation that "different persons are treated differently is not enough without more, to [plead] a

14  denial of Equal Protection." *Griffin v. County Sch. Bd. of Prince Edward County,* 377 U.S. 218,

15  230 (1964). Instead, a plaintiff must plausibly allege that his different treatment lacked rational

16  basis or was "because of" his membership to a protected class. *Garnica v. Washington Dep't of

17  Corr.*, 965 F. Supp. 2d 1250, 1275 (W.D. Wash. 2013), *aff'd*, 639 F. App'x 484 (9th Cir. 2016)

18  (quoting *Seltzer–Bey v. Delo*, 66 F.3d 961, 964 (8th Cir.1995)). Therefore, to state an Equal

19  Protection claim, a plaintiff must plausibly allege that a defendant acted without rational basis or

20  with an intent or purpose to discriminate against him based on his membership to a protected

21  class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quotations and citations

22  omitted).

23

24

1    Plaintiff does not allege that his treatment resulted from his membership to a protected

2    class or that it lacked a rational basis. Moreover, he fails to put forth sufficient facts

3    differentiating the treatment he has received from the normal inconveniences and discomforts

4    inherent to criminal prosecution and incarceration. By way of example, Plaintiff vaguely asserts

5    that, ever since he became a victim of assault, "they have been putting holds on me and

6    hindering my life…." Dkt. 5 at 5. It is unclear what these holds and hinderances are, who

7    imposed them, and for what reason. Even without these additional details, it appears the

8    circumstances Plaintiff is describing are typical inconveniences and constraints consequent to

9    supervised release, pre-trial detention, and/or participating as a witness in a criminal prosecution.

10   Thus, Plaintiff's allegations cannot provide the foundation for an equal protection claim.

11   Second, Plaintiff also describes his claim as one for "harassment, intimidating a witness,

12   [and] coercion." Dkt. 5 at 3 (cleaned up). In this way, Plaintiff appears to be bringing a claim

13   akin to a Fifth Amendment compelled testimony claim.

14   However, the Fifth Amendment only shields individuals from compelled *self*-

15   incrimination—it does not prevent the State from compelling testimony from crime victims or

16   witnesses other than the accused. *See generally United States v. Jenkins*, 785 F.2d 1387, 1393

17   (9th Cir. 1986) (noting that even where a criminal defendant is subpoenaed, "the Supreme Court

18   made clear that an obligation to appear and testify truthfully does not constitute compulsion to

19   give incriminating testimony") (citing *Minnesota v. Murphy*, 465 U.S. 420, 427–28 (1984)). In

20   fact, the Supreme Court has ranked "the power to compel testimony, and the corresponding duty

21   to testify," as among the "necessary and most important of the powers of the States …to assure

22   the effective functioning of government in an ordered society." *Kastigar v. United States*, 406

23   U.S. 441, 443–44 (1972).

24

1    This power is not without limitation. For example, the State may not compel false

2    testimony from a witness or otherwise engage in misconduct that undermines the fundamental

3    fairness of criminal proceedings. *See, e.g., United States v. Goodwin*, 625 F.2d 693, 702–03 (5th

4    Cir. 1980). But these circumstances—which affect the due process rights of criminal defendants,

5    not witnesses—are not at issue in this case. *See id*. ("Substantial government interference with a

6    defense witness' free and unhampered choice to testify violates due process rights of the

7    defendant.").

8        The Court also notes that Washington State law extends certain protections to crime

9    victims, but these statutory protections do not include a right to refuse to testify. *See* Wash. Rev.

10   Code Ann. § 7.69.030. Nor do they override the State's subpoena powers or outweigh a criminal

11   defendant's Sixth Amendment right to confront witnesses against them. *See generally State v.

12   Ruiz*, 176 Wash. App. 623, 638, 309 P.3d 700, 707 (2013) (noting that when the State elicits

13   testimony over a witness's refusal "the State is not attempting to exploit a privilege, but, rather,

14   is attempting to gain evidence from a witness who has no legal basis to decline to provide the

15   information"). Thus, to the extent Plaintiff is raising a compelled testimony claim, he is unable to

16   do so based on the facts and circumstances raised in his Amended Complaint.

17       In summary, Plaintiff has failed to name a proper defendant for his claim, he has not put

18   forth sufficient facts to demonstrate liability for either an individual or official capacity claim,

19   and his specific constitutional claims are difficult to decipher and appear nonviable. The Court

20   finds it unlikely that Plaintiff will be able to cure all his pleadings deficiencies through

21   amendment. Accordingly, Plaintiff must show cause why this action should not be dismissed for

22   failure to state a claim and without leave to file a second amended complaint. The Court notes

23   that dismissal for failure to state a claim constitutes a "strike" under 28 U.S.C. § 1915(g).

24

## IV.    CONCLUSION

For these reasons, the Court **DECLINES** to direct service of the Amended Complaint and instead **ORDERS** Plaintiff to **SHOW CAUSE** why this action should not be **DISMISSED** for failure to state a claim and without the opportunity to amend. Plaintiff must respond to this Show Cause Order not later than **September 20, 2024**. Failure to show cause by the stated deadline will be deemed a failure to prosecute and will result in a recommendation this action be dismissed.

Alternatively, Petitioner may choose to voluntarily dismiss this action pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure on or before the stated deadline.

Dated this 20th day of August, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 9