1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

MARK ALLEN SILVA,

Plaintiff,

v.

LEWIS COUNTY PROSECUTOR'S
OFFICE,

Defendant.

CASE NO. 3:24-cv-05504-TMC-GJL

REPORT AND RECOMMENDATION

NOTING DATE: **October 8, 2024**

15      The District Court has referred this prisoner civil rights action to United States Magistrate

16  Judge Grady J. Leupold. After being advised of the pleading deficiencies in his initial Complaint

17  (Dkts. 1-1, 4), Plaintiff Mark Allen Silva, proceeding *pro se* and *in forma pauperis*, filed an

18  Amended Complaint (Dkt. 5).

19      In screening the Amended Complaint, the Court found that the following pleading

20  deficiencies remained: "Plaintiff has failed to name a proper defendant for his claim, he has not

21  put forth sufficient facts to demonstrate liability for either an individual or official capacity

22  claim, and his specific constitutional claims are difficult to decipher and appear nonviable." Dkt.

23  7 at 8; *see also* Dkt. 4 (identifying similar deficiencies in initial Complaint). Concluding these

24  deficiencies were not curable, the Court ordered Plaintiff to **SHOW CAUSE** why this action

REPORT AND RECOMMENDATION - 1

1   should not be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(b) and without a

2   second opportunity to amend. *Id.* at 9; *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)

3   ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is

4   absolutely clear that the deficiencies of the complaint could not be cured by amendment.");

5   *Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015)

6   (finding the district court did not abuse its discretion in dismissing without leave to amend where

7   *pro se* plaintiff failed to cure pleading deficiencies).

8        The show cause deadline has now elapsed with no response received from Plaintiff.

9   Accordingly, the undersigned recommends this action be **DISMISSED** for failure to state a

10  claim and for failure to comply with a court order. Dismissal on the recommended grounds

11  constitutes a "strike" under 28 U.S.C. § 1915(g).

12       Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

13  shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

14  R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

15  *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

16  those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

17  *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

18  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October**

19  **8, 2024**, as noted in the caption.

20       Dated this 23rd day of September, 2024.

21

22

23       Grady J. Leupold
         United States Magistrate Judge

24

REPORT AND RECOMMENDATION - 2